SEP 2 9 1969

Joseph F. Hennessey, Esq.
General Counsel
Atomic Energy Commission
Washington, D.C.  20545

Dear Mr. Hennessey:

This is in response to your letter of September 16, 1969, in which you solicit our views on the propriety of employees of the Atomic Energy Commission receiving monetary payments directly from the Government of India in the circumstances described in your letter.

You ask whether those payments would be barred by Article I, section 9, clause 8 of the Constitution, or by 18 U.S.C. 209.  Your conclusion is that they would not be barred.  We concur.

1.  Clause 8 provides:

"No Title of Nobility shall be granted by the United States:  And no Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State."

Of course, employees of your Commission are persons holding an office of "Profit or Trust" under the United States.  The question is, therefore, whether the payments would constitute their acceptance of a "present" or "Emolument".

As we understand the proposed arrangement from your letter and from information subsequently given us by your office, the Indian Government would directly pay to the

AEC scientific expert stationed in India a portion of the salary due him from the United States in rupees, and the Commission would deduct therefrom the equivalent amount in dollars. The Indian Government would then debit its rupee account set up pursuant to the reciprocal funding arrangement maintained between it and the AEC in the amount thus paid, and the AEC would credit India with the equivalent dollar amount. On the basis of these facts, it appears that the employee would receive no more than the salary to which he is entitled from the United States. The arrangement can be said to be no more than a bookkeeping device established for the sake of the mutual convenience of the United States and the Indian Government but with no added benefit for the employee. If, however, by being paid in rupees by the Indian Government, the employee were to receive more rupees than he would otherwise obtain through exchange of his dollars in normal banking channels, the difference might be looked on as a "present" or "Emolument" within Article I, section 9, clause 8 of the Constitution. We assume, however, that this is not the case.

2. For the same reason and on the same assumption, the proposed arrangement would not violate 18 U.S.C. 209. A literal interpretation of the statute could lead to a contrary conclusion since as a matter of form the employee would receive a portion of his salary from the Indian Government. But we do not believe that form should be the controlling consideration in this connection. There is no intention under the arrangement that the employee is in fact to receive any salary or any supplementation thereof from a source other than the United States Government. In paying the employee rupees the Indian Government in effect is acting merely as a banking agent on behalf of the United States. In these circumstances, the employee would not be under any obligation to the Indian Government any more than he would feel obligated to a private bank in India from which he obtained rupees. We can see no basis for a claim that he would be subject

-2-

to two masters or that his loyalties would be divided—the evils which the statute seeks to remedy. We therefore conclude that 18 U.S.C. 209 does not reach the situation.

Sincerely,

William H. Rehnquist
Assistant Attorney General
Office of Legal Counsel

-3-